# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SYED HOSSAIN, | |
|       Plaintiff, | Case No. 2:15-cv-01876-APG-GWF |
| vs. | **ORDER** |
| WILLIAM BEE RIRIE HOSPITAL, | |
|       Defendant. | |

This matter is before the Court on Defendant's Motion to Quash Service of Process (#9), filed on March 7, 2016. Plaintiff submitted a letter to the Court on March 22, 2016 in an attempt to respond to Defendant's motion. *See Dkt. 11-1.* Defendant filed a Reply (Dkt. #13) on March 30, 2016. The Court conducted a hearing in this matter on April 8, 2016.

## BACKGROUND

Plaintiff filed his pro se complaint on September 30, 2015 alleging claims of harassment and discrimination in violation of Title VII, defamation, and "Failure to Follow Progressive Disciplinary Procedures" in connection with Plaintiff's employment and discharge from Defendant William Bee Ririe Hospital. *See Complaint (Dkt. #1).* Pursuant to Federal Rule of Civil Procedure 4(m), the time limit for Plaintiff to serve Defendant with a copy of the summons and complaint was 120 days after filing of the complaint — January 28, 2016. On January 29, 2016, the court issued a notice to Plaintiff informing him that proof of service on Defendant in compliance with the terms of Rule 4(m) must be filed with the court on or before February 28, 2016 or this matter would be dismissed. *See Notice (Dkt. #6).* On February 18, 2016, Plaintiff filed proof of service with the court. *See Dkt. #8.* The proof of service indicates that Defendant was served with a copy of the summons on February 16, 2016—139 days after the complaint was filed. Plaintiff did not serve Defendant with a

copy of the complaint in addition to the summons as required by Rule 4(c) and (j)(2). *See Dkt. #9-2*. As a result, Defendant filed the instant motion to quash service of process as untimely and insufficient and requested that the Court dismiss this action against Plaintiff.

**DISCUSSION**

Generally, pro se litigants are held to the same standards as those represented by counsel. *See Erickson v. Pardas*, 551 U.S. 89, 94 (2007); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986). They are afforded no greater rights than other litigants and should expect and receive the same treatment as if represented by counsel. *Jacobsen*, 790 F.2d at 1364. "Pro se litigants must follow the same rules of procedure that govern other litigants." *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir.1984), *cert. denied*, 469 U.S. 1165 (1985).

That being said, pro se litigants are allowed greater latitude and should be given every consideration that may reasonably be indulged. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir.1990) ("This court recognizes that it has a duty to ensure that pro se litigants do no lose their right to a hearing on the merits of their claims due to ignorance of technical procedural requirements."). "The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleadings' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1137, 1137 (9th Cir. 1987) (*citing Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). When a pro se litigant technically violates a rule, the court should act with leniency toward him. *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986); *Pembrook v. Wilson*, 370 F.2d 37, 39–40 (9th Cir. 1966). For example, the defective service of the complaint by a pro se litigant may not warrant dismissal of the action. *Borzeka v. Heckler*, 739 F.2d 444, 447 n.2 (9th Cir. 1984). However, "a pro se litigant is not excused from knowing the most basic pleading requirements." *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000) (citations omitted).

Pursuant to Fed. R. Civ. P. 6(b) and LR 6, extensions of time may be granted for good cause shown. Further, Rule 4(m) of the Federal Rules of Civil Procedure – which governs the time limit of service – instructs the court to grant an extension of time for service if the plaintiff can show good cause for his failure to timely serve a defendant. In addition, courts have discretion to extend time for service upon a showing of excusable neglect. Fed. R. Civ. P. 4(m)*; see Lemoge v. United*

*States*, 587 F.3d 1188, 1198 (9th Cir. 2009).  For example, exercise of discretion would be appropriate if the litigant establishes that the statute of limitations would prevent the re-filing of the complaint.  *Id.*

Plaintiff served Defendant with a copy of the summons 19 days late and failed to provide Defendant with a copy of the complaint.  Defendant argues that these deficiencies warrant an order from the Court quashing the service of process.  The Court agrees.  However, these technical errors do not rise to a level to dismiss this action.  Plaintiff appeared in this action pro se and has attempted to comply with the rules when instructed.  The Court finds that Defendant will not be prejudiced by allowing Plaintiff additional time to properly serve Defendant with a copy of the summons and complaint.  However, if Plaintiff intends to proceed with this case in pro se, then he must fully educated himself on the Federal Rules of Civil Procedure and Local Rules of Practice for the District of Nevada.  The Court may afford Plaintiff some leniency, but the Court cannot "inject itself into the adversary process" on behalf of Plaintiff.  *See Jacobsen*, 790 F.2d at 1364.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Quash Service of Process (#9) is **granted**.  However, Defendant's request that the Court dismiss this action is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **Wednesday, May 11, 2016** to properly effectuate service on Defendant in compliance with Rule 4 of the Federal Rules of Civil Procedure.

DATED this 11th day of April, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge